# United States District Court

Eastern District of Missouri

UNITED STATES OF AMERICA

v.

RAFAEL POY

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 4:05cr371 HEA

USM Number: 59823-066

THE DEFENDANT:

John Lynch
Defendant's Attorney

☒ pleaded guilty to count(s)  One, Two, Three, Four and Five

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1344 and 1349 | Conspiracy to commit bank fraud. | 7/1/02 - 7/17/04 | 1 |
| 42 USC 408(a)(7)(B) | Fraudulent use of a social security number. | 10/2/03 and 6/30/04 | 2 and 4 |
| 18 USC 1028(a)(7) | Identification fraud. | 12/23/03 and 6/30/04 | 3 and 5 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 2, 2006
Date of Imposition of Judgment

Signature of Judge

Honorable Henry E. Autrey
United States District Judge
Name & Title of Judge

March 2, 2006
Date signed

DEFENDANT: RAFAEL POY
CASE NUMBER: 4:05cr371 HEA
District: Eastern District of Missouri

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 21 months.

This term consists of a term of 21 months on each of counts one, two, three, four, and five, all such terms to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

As close as possible to Philadelpia, Pennsylvania.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./pm on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal

   ☐ as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

DEFENDANT: RAFAEL POY
CASE NUMBER: 4:05cr371 HEA
District: Eastern District of Missouri

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years.

This term consists of a term of five years on count one, three years on each of counts two and four, and one year on each of counts three and five, all such terms to run concurrently.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The Defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician:
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RAFAEL POY
CASE NUMBER: 4:05cr371 HEA
District: Eastern District of Missouri

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a community corrections center, residence in a comprehensive sanctions center, or inpatient treatment in a treatment center or hospital. The defendant shall pay for the costs associated with substance abuse services based on co-payment fee established by the United States Probation Office. Co-payments shall never exceed the total cost of services provided.

3. The defendant shall abstain from the use of alcohol and/or all other intoxicants.

4. The defendant shall participate in a mental health program approved by the United States Probation Office. The defendant shall pay for the costs associated with the services provided based on a co-payment fee established by the United States Probation Office. Co-payments shall never exceed the total cost of services provided.

5. The defendant shall provide the probation officer and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office with the access to any requested financial information. The defendant is advised that the probation Office may share financial information with FLU.

6. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

7. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the United States Probation Office so long as there is a balance on the Court-imposed financial obligation.

8. The defendant shall pay the restitution as previously ordered by the Court.

DEFENDANT: RAFAEL POY
CASE NUMBER: 4:05cr371 HEA
District:   Eastern District of Missouri

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $500.00 |  | $109,537.07 |

☐ The determination of restitution is deferred until _____ . *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Lowe's Check Collection Center |  | $15,052.51 |  |
| U.S. Airways |  | $10,441.00 |  |
| Circuit City |  | $10,029.22 |  |
| Brooks Brothers |  | $9,613.33 |  |
| Apple Computer |  | $6,850.94 |  |
| Home Depot |  | $6,771.56 |  |
| Fed Ex |  | $6,740.18 |  |
| Bose |  | $6,585.84 |  |
| Franklin Covey |  | $6,511.06 |  |
| Totals: |  |  |  |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the.  ☐ fine and /or  ☐ restitution.

☐ The interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RAFAEL POY
CASE NUMBER: 4:05cr371 HEA
District: Eastern District of Missouri

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Target | | $5,817.77 | |
| Burlington Coat Factory | | $5,521.96 | |
| Delta Airlines | | $5,133.20 | |
| Southwest | | $3,901.10 | |
| Tag Heuer | | $2,277.50 | |
| GNC | | $1,166.10 | |
| Costco | | $1,088.78 | |
| Rex | | $1,064.22 | |
| Nordstrom | | $886.98 | |
| Pier 1 Imports | | $847.97 | |
| Shop N Save | | $719.20 | |
| Bailey, Banks & Biddle, Zales Corp. | | $662.96 | |
| Bass | | $393.22 | |
| Kroger | | $380.79 | |
| Schnucks | | $286.68 | |
| K-Mart | | $191.23 | |
| Save A Lot | | $183.92 | |
| Hollywood Video | | $152.37 | |
| Petco | | $130.25 | |
| Pets Mart | | $70.00 | |
| Borders | | $65.23 | |

$109,537.07

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RAFAEL POY
CASE NUMBER: 4:05cr371 HEA
District: Eastern District of Missouri

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

IT IS FURTHER ORDERED that the defendant shall make restitution in the total amount of $109,537.07 to: The victims who suffered losses include: Lowe's Check Collection Center, Attn.: Chris Roberts, PO Box 2510, Tuscaloosa, AL 35403, which suffered a loss of $15,052.51; US Airways, Corporate Security, 2345 Crystal Drive, Arlington, VA 22227, which suffered a loss of $10,441.00; Circuit City, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $10,029.22; Brooks Brothers, Attn.: Cashier, 100 Phoenix Ave., Enfield, CT 06082, which suffered a loss of $9,613.33; Apple Computer, Inc., Attn.: Linda Mosqueda-Revenue Accounting, M/S; 198-2RA, 12545 Riata Vista Circle, Austin, Texas 78727, which suffered a loss of $6,850.94; Home Depot, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $6,771.56; Fed Ex, Security Dept., Attn.: Karin Martinez, 1100 Lake-Cook Rd., Buffalo Grove, IL 60089, which suffered a loss of $6,740.18; Bose, Attn.: Loss Prevention-MS 1S4, 688 Great Road, Stow, MA 017775, which suffered a loss of $6,585.84; Franklin Covey, Attn.: Royal Smith, 2200 West Parkway Blvd., Salt Lake City, UT 84199, which suffered a loss of $6,511.06; Target, Attn.: Jim MacKeen, 12275 St. Charles Rock Road, Bridgeton, MO 63044, which suffered a loss of $5,817.77; Burlington Coat Factory, Attn.: Loss Prevention, 1830 Route 130, Burlington, NJ 08016, which suffered a loss of $5,521.96; Delta Airlines, Attn.: Sue Moir-Revenue Protection Unit, Dept. 687, 1030 Delta Blvd., Atlanta, GA 30320, which suffered a loss of $5,133.20; Southwest, HDQ-1CS, Attn.: Revenue Accounting, PO Box 97397, Dallas, TX 75397, which suffered a loss of $3,901.10; Tag Heuer; Attn.: Renee Martin-Manager, 8200 Vineland Ave., Suite 1145, Orlando, FL 32821, which suffered a loss of $2,277.50; GNC, Attn.: Lorri Murphy, 300 6th Street, Pittsburgh, PA 15222, which suffered a loss of $1,166.10; Costco; Attn.: Larry Montague-Loss Prevention, 999 Lake Drive, Issaquah, WA 98027, which suffered a loss of $1,088.78; Rex, 2875 Needmore Road, Dayton, OH 45414, which suffered a loss of $1,064.22; Nordstrom, Attn.: Brad Vilmer-Loss Prevention, 47 West County Center, Des Peres, MO 63131, which suffered a loss of $886.98; Pier 1 Imports, Attn.: Diana Aldrich-Loss Prevention, 12935 North Outer 40, Suite 207, St. Louis, MO 63141, which suffered a loss of $847.97; Shop N Save, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $719.20; Bailey, Banks & Biddle, Zales Corp. Attn.: Donna Ellsworth, 901 West Walnut Hill Lane, Irving, TX 75038, which suffered a loss of $662.96; Bass, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $393.22; Kroger, Attn.: Diane Malone, 4111 Executive Parkway, Westerville, OH 43081, which suffered a loss of $380.79; Schnucks, Attn.: Andie Russell, 11420 Lackland Road, St. Louis, MO 63146, which suffered a loss of $286.68; K-Mart, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $191.23; Save A Lot, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $183.92; Hollywood Video, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $152.37, Petco, Attn,; Asset Protection, 9125 Rehco Road, San Diego, CA 92121, which suffered a loss of $130.25; Pets Mart, Certegy Payment Recovery Services, PO Box 038997, Tuscaloosa, AL 35403, which suffered a loss of $70.00; Borders, 100 Phoenix Drive, Attn.: Loss Prevention, Ann Arbor, MI 48108, which suffered a loss of $65.23. The total loss for restitution purposes is $109,537.07.

Restitution is due immediately, but if the defendant is unable to pay the restitution in full immediately, then restitution shall be paid in monthly installments of at least $200, with payments to commence no later than 30 days after release from imprisonment. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

It is recommended that the defendant participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies.



DEFENDANT: RAFAEL POY
CASE NUMBER: 4:05cr371 HEA
USM Number: 59823-066

# UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____
_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

☐ The Defendant was released on _____ to _____ Probation

☐ The Defendant was released on _____ to _____ Supervised Release

☐ and a Fine of _____ ☐ and Restitution in the amount of _____

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____